IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAMARCUS LEE NICHOLSON, | Case No. 5:18 cv 379 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| DAVID W. GRAY, Warden, | |
| Respondent. | **ORDER DENYING MOTION FOR LEAVE TO AMEND PETITION** |

This matter was referred to the undersigned for the preparation of a Report and Recommendation concerning the February 16, 2018[1] petition for a writ of habeas corpus filed by petitioner, Damarcus Lee Nicholson. On December 26, 2018, Nicholson filed a motion for leave to amend his petition.[2] Respondent, Warden David Gray, filed a response in opposition on January 2, 2019.[3] Previously, Warden Gray filed his Answer/Return of Writ on April 26, 2018[4] and Nicholson filed his traverse on June 19, 2017.[5]

Nicholson's original petition asserted two grounds for relief:

**GROUND ONE:** Ineffective assistance of appellate counsel.

---
[1] ECF Doc. 1.
[2] ECF Doc. 12.
[3] ECF Doc. 13.
[4] ECF Doc. 8.
[5] ECF Doc. 9, using the date Nicholson placed the traverse in the prison mailing system.

**Supporting Facts:** The Fifth Appellate District unreasonably applied *Smith v. Robbins* and *Strickland v. Washington* to the facts of petitioner's case. The Fifth Appellate District specifically failed to assess the strength of the underlying claims. Within the underlying claims, petitioner complained that the entry of the text messages, violated protocol sat down by the United States Supreme Court's ruling in *Crawford v. Washington.* Petitioner's claims under the umbrella of his 26B were clearly stronger than the issues raised in his direct appeal. Appellate counsel was also ineffective for failing to order the transcripts of the prior mistrial.

**GROUND TWO:** Petitioner's rights to an effective appeal was denied, due to the trial court's denial of his mistrial transcripts.

**Supporting Facts:** The court of appeals unreasonably applied *Britt v. North Carolina* in failing to give petitioner his mistrial transcripts, in which he needed to address issues that should have been raised in direct appeal. Specifically, the trial court allowing the same evidence, which caused his mistrial, into his trial causing his trial to be fundamentally unfair.

Nicholson seeks to amend his petition to add the following proposed Ground Three:

**GROUND THREE:** The trial court committed reversible error when it overruled the defendant's motion to suppress.

**Supporting Facts:** The trial court committed reversible error when it found that appellant lacked standing to challenge the inventory search of the vehicle.[6]

And he contends that this issue was exhausted because it was included among the issues raised during his direct appeal.[7]

Warden Gray opposes granting leave to amend on futility grounds, asserting that Nicholson's proposed third ground for relief raises only a non-cognizable issue. In *Stone v. Powell,* 428 U.S. 465, 481-482 (1976), the United States Supreme Court held that Fourth Amendment claims are not cognizable on federal habeas review so long as the state has provided the petitioner with an opportunity for full and fair litigation of the claim. *See Lawrence v. 48th Dist. Court,* 560 F.3d 475, n.7 (6th Cir. 2009) ("Ordinarily, we do not

---

[6] ECF. Doc. 12 at Page ID# 959.
[7] *Id.*

recognize Fourth Amendment claims in Section 2254 actions if the state proceedings provided the petitioner a full and fair opportunity to litigate that claim.") Here, Nicholson's motion to suppress was adjudicated by the state trial court and then raised on direct appeal. Because he had a full and fair opportunity to raise his claim, this court cannot consider it on habeas review. The warden also points out that he would be prejudiced if Nicholson were permitted to amend his petition because he has already filed an answer and return of writ.

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it; or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. Several factors may be considered in determining whether to permit an amendment: the reasons for undue delay in filing; whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party's repeated failure to cure deficiencies by previous amendments; whether there would be undue prejudice to the opposing party; and whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998).

The proposed amendment to Nicholson's petition presents a new ground for relief that is not cognizable on habeas review. If the amendment were permitted, the court would only be required to dismiss the ground on that basis. Thus, the proposed amendment is futile.

The scales of justice do not weigh in favor of permitting Nicholson to amend his petition. The proposed ground for relief is non-cognizable and the amendment would be futile. Requiring respondent to defend against such a new ground would unnecessarily tax his

resources and would not further the interest of judicial economy. For these reasons, the court hereby DENIES petitioner's motion for leave to amend his petition. (ECF Doc. 13)

IT IS SO ORDERED.

Dated: January 4, 2019

Thomas M. Parker
United States Magistrate Judge