# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DAMARCUS NICHOLSON,** | Case No. 5:18-CV-379 |
| Petitioner | Judge Dan Aaron Polster |
| v. | **OPINION AND ORDER** |
| **DAVID GRAY,** | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Thomas M. Parker in the above-entitled action, **Doc #: 16**. The Magistrate Judge recommends the Court dismiss Petitioner Damarcus Nicholson's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a person in State Custody, Doc #: 1, because Ground One lacks merit and Ground Two is procedurally defaulted. Nicholson timely filed objections to Magistrate Judge Parker's R & R. Doc #: 18.

## I. Ground One

Nicholson asserts that the Magistrate Judge errored with regards to Ground One of his Petition for Writ of Habeas Corpus in finding: (A) that Nicholson's petition is subject to AEDPA deferential review and (B) that Nicholson's appellate counsel was not ineffective. Doc #: 18.

### A. Standard of Review

Nicholson's argument that his claim deserved de novo or modified review was fully addressed by the Magistrate Judge. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made.

28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge. Thus, the Court overrules Nicholson's objections regarding the standard of review.

### B. Ineffective Appellate Counsel

Nicholson argues that even under AEDPA deferential review, the Magistrate Judge errored in finding that his appellate counsel was not ineffective. Doc #: 18 at 2-6 Counsel is ineffective when the "counsel's performance was deficient and [] the deficient performance

prejudiced the defense so as to render the trial unfair and the result unreliable." *Mates v. Tate*, 338 F.3d 187, 191 (6th Cir. 2004) (citing *Strickland v. Washington*, 446 U.S., 668, 687 (1984)).

Despite the Magistrate Judge finding otherwise, Nicholson argues that that the text messages were testimonial and hearsay; thus, the argument that their admission violated the Confrontation Clause was viable and should have been raised on appeal. Doc #: 18 at 2-4. He further asserts that the Magistrate Judge determined that the appellate counsel was not ineffective through a misapplication of the test in *Mapes v. Tate*, 388 F.3d 187 (6th Cir. 2004). Doc #: 18 at 5-6.

### 1. Confrontation Clause

Nicholson argues that his Confrontation Clause claim was viable on appeal because the text messages were: (a) testimonial and (b) hearsay.

#### a. Testimonial

In support of the argument that the text messages were testimonial statements, he cites three cases not mentioned in his traverse and not considered by the Magistrate Judge -- *Bullcoming v. New Mexico*, 564 U.S. 647 (2011); *Davis v. Washington,* 547 U.S. 813 (2006); and *United States v. Allen*, 716 Fed. Appx. 447 (6th Cir. 2017). Doc #: 18 at 2-4.

These cases do not contradict the Magistrate Judge's well-reasoned conclusion that the text messages were not testimonial statements. Doc #: 16 at 13. *Bullcoming* decided that the introduction of a forensic laboratory report containing testimonial statements violates the Confrontation Clause when the analyst who created the report does not testify. *Bullcoming*, 564 U.S. at 652. *Davis* clarified what a testimonial statement is, finding that statements made to the police that were not a cry for help or the provision of information enabling officers to immediately end a threatening situation are testimonial. *Davis*, 547 U.S. at 831. Neither of these

3

cases change the fact that casual remarks to acquaintances are not testimonial statements. *Crawford v. Washington*, 541 U.S. 36, 52 (2004). The Court agrees with the Magistrate Judge that the text messages here were casual remarks between the Defendant and his acquaintances. Doc #: 16 at 13.

Nicholson also argues in his objections, relying on *Allen*, that Detective Bays interpreting the text messages make the text messages testimonial. Doc #: 18 at 4. However, *Allen* discusses what kind of testimony lay witnesses may give, not whether a statement is testimonial for purposes of the Confrontation Clause. *Allen*, 716 Fed. Appx. at 452-53. Thus, *Allen* is irrelevant here. The Court agrees with the Magistrate Judge that Detective Bay's interpreting the text messages did not cause them to become testimonial. Doc #: 16 at 14. Thus, the text messages were not testimonial statements.

### b. Hearsay

In his objections, Nicholson argues that the text messages are hearsay by distinguishing his case from *Norris v. Noble*, No. 3:18-cv-105, 2018 U.S. Dist. LEXIS 57922 (S.D. Ohio April 5, 2018). Doc #: 18 3-4. In *Norris,* the text messages were offered to put responding text messages in context, not for the truth of the matter asserted. *Norris*, 2018 U.S. Dist. LEXIS 57922 at *10. Nicholson does not elaborate how this case is different from *Norris*. Regardless, the Court agrees with the Magistrate Judge that the text messages were not hearsay because "it was offered to show that Detective Bays' investigation uncovered evidence on the cell phones," not for the truth of the matter asserted. Doc #: 16 at 15. Thus, the Court agrees with the Magistrate Judge that the admission of the text messages does not violate the Confrontation Clause.

### 2. Ineffective Appellate Counsel under *Mapes v. Tate*

Nicholson asserts that the Magistrate Judge errored in finding that the appellate counsel was not ineffective under *Mapes v. Tates*, 388 F.3d 187 (6th Cir. 2004). Doc #: 18 at 5. *Mapes* provides a list of ten factors to be considered when determining whether counsel was ineffective under *Strickland*. *Id.* at 191. Nicholson understands the Magistrate Judge's R & R to say that because his case does not fit the fourth factor, that the omitted issues were objected to at trial, that his counsel performed competently. Doc #: 18 at 5-6. Nicholson argues that the R & R is wrong because his claim still would be successful under multiple other prongs of *Mapes*. Doc #: 18 at 6.

Nicholson misunderstands the Magistrate Judge's R & R. The R & R explains that the appellate counsel was not ineffective "*partly* because the answer to question 4) from the *Mapes* factors is 'no.'" Doc #: 16 at 19 (emphasis added). In whole, the Magistrate Judge finds, and the Court agrees, that under *Strickland* the appellate counsel's failure to challenge the admissibility of the text messages on appeal was not ineffective because: (1) the text messages were not objected to at trial and (2) even if the text messages had been objected to, the trial court would have overruled the objection because admitting the text messages was not in violation of the confrontation clause. Doc #: 16 at 18-19.

## II. Ground Two

Nicholson's objections do not address Ground Two of his Petition for Writ of Habeas Corpus. The failure to object constitutes a waiver of a de novo review by the district court. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Despite the lack of objections, the Court has reviewed the Magistrate Judge's thorough

discussion of Ground Two and agrees with the Magistrate Judge's findings. Therefore, the Court adopts the Magistrate Judge's findings regarding Ground Two.

### III. Conclusion

Thus, the Court hereby **OVERRULES** Nicholson's Objections (Doc. # 18) and adopts the Report and Recommendation in full. Accordingly, Nicholson's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 3, 2019*
**Dan Aaron Polster**
**United States District Judge**